Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| WILMA JEANETTE DE JESÚS COLÓN  Recurrido  v.  MARCELO CRUZ ROSA, ET ALS  Peticionario | TA2025CE00814 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas  Caso Núm.: G3CI201600007  Sobre: División de Comunidad |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora

Rivera Marchand, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparece el señor Marcelo Cruz Rosa (señor Cruz Rosa o peticionario) y solicita que revisemos la determinación que consta en la *Minuta Resolución,* notificada el 27 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI o foro primario). Particularmente, el TPI declaró *no ha lugar* la solicitud de descalificación de un perito nombrado por el foro *a quo,* presentada por el peticionario.

Por los fundamentos que se esbozan a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

El 11 de enero de 2016, la señora Wilma Jeanette de Jesús Colón (señora de Jesús Colón o recurrida) presentó una *Demanda* en contra del peticionario, en la cual solicitó la liquidación de la comunidad de bienes post ganancial habida entre ambos.[1]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entrada Núm. 1, Apéndices 36 y 40, págs. 141-148 y 160-166.

Superados múltiples incidentes procesales y en lo pertinente a la causa ante nos, el 17 de marzo de 2017, el TPI nombró al licenciado Conrado Manfredy Sánchez (licenciado Manfredy Sánchez) como administrador judicial, quien, el 29 de enero de 2018, rindió el informe final sobre su gestión.

Así las cosas, la causa de acción presentada por la recurrida fue dispuesta, a solicitud de ambas partes, mediante una *Sentencia* emitida por el foro primario el 23 de abril de 2019.[2] En el antedicho pronunciamiento, el TPI aprobó una *Moción [para] que se Dicte Sentencia por Estipulación* en la que las partes notificaron el acuerdo transaccional para poner fin al litigio y la estipulación alcanzada sobre la manera en que se llevaría a cabo la liquidación de la comunidad.

Pendiente el cumplimiento de lo anterior, el TPI ordenó a las partes rendir informes periciales y, en particular, ordenó que ambos peritos hicieran esfuerzos dirigidos a someter un informe en conjunto de reconciliación y adjudicación de los activos y pasivos de las corporaciones de la comunidad de bienes.[3] De igual forma, el foro primario indicó que, de no lograrse la presentación conjunta, cada perito debía rendir su informe por separado dentro del término concedido.

Siendo así, el 9 de mayo de 2022, la recurrida interpuso una *Moci[ó]n en Cumplimiento de Orden* en la que informó que su perito, el licenciado Ramos Colón, emitiría el informe de forma individual.[4] Por su parte, el 15 de junio de 2022, el peticionario presentó una *Moción Suministrando Informe Pericial de la Parte Demandada* en la que notificó el informe pericial preparado por su perito, el señor Edgardo Javier Areizaga.[5]

---

[2] SUMAC TA, Entrada Núm. 1, Apéndice 2, págs. 3-5.
[3] SUMAC TA, Entrada Núm. 1, Apéndice 11, pág. 21.
[4] *Íd.*, Apéndice 12, pág. 22.
[5] *Íd.*, Apéndice 15, págs. 26-43.

Según se desprende del expediente ante nos, se desarrollaron varias controversias entre las partes sobre el manejo y presentación de los respectivos informes periciales. Como parte de su manejo del caso, el foro primario consideró una solicitud de sanciones promovida por la recurrida. Ello, por entender que, el señor Cruz Rosa no puso a disposición su perito, el señor Areizaga y una serie de documentos para completar su informe pericial. Evaluadas las posturas de las partes, el TPI determinó que no se había presentado evidencia suficiente para proceder con la solicitud de la señora de Jesús Colón, por lo que ordenó al licenciado Ramos Colón a que preparara su informe pericial con la evidencia y documentos recopilados hasta el momento.

Sobre la antedicha determinación, el 27 de marzo de 2023, la recurrida acudió ante esta Curia mediante un recurso de *certiorari,* bajo el alfanumérico KLCE202300310. Sin embargo, mediante *Resolución* emitida el 28 de abril de 2023, y notificada el 3 de mayo del mismo año, colegimos denegar el auto discrecional solicitado.[6] Particularmente, en aquella ocasión determinamos que la decisión recurrida se ajustaba a la discreción y manejo que le mereció el foro primario al caso, por lo que no se justificaba nuestra intervención.

El 5 de septiembre de 2023, la señora de Jesús Colón presentó, ante el foro *a quo,* una *Moci[ó]n Informativa y en Cumplimiento de Orden y Solicitud de Señalamiento* en la cual adujo haber anejado el informe pericial del licenciado Ramos Colón, preparado de conformidad a lo determinado por el foro primario.[7] En adición, solicitó la celebración de una vista para la presentación y análisis de la prueba pericial.

A lo antes, se opuso el señor Cruz Rosa por entender que, el informe pericial preparado por el licenciado Ramos Colón no

---

[6] SUMAC TA, Entrada 1, Apéndice 18, págs. 48-57; véase, además, *De Jesús Colón v. Cruz Rosa,* KLCE202300310 (28 de abril de 2023).
[7] SUMAC TA, Entrada 1, Apéndice 19, págs. 58-61.

constituía un informe como tal y resaltó que, en el documento, el perito expresó que estaba impedido de llevar a cabo un examen para corroborar la veracidad de las transacciones aseveradas por el peticionario.

En atención a ello y los asuntos pendientes ante su consideración, el TPI celebró una vista durante la cual, entre otras determinaciones, ordenó a las partes a exponer su posición en cuanto al nombramiento de un perito del tribunal, al amparo de la Regla 709 de Evidencia, 32 LPRA Ap. VI, a raíz del desacuerdo entre ambas en cuanto a los informes periciales.[8] Cabe señalar que, tras varios incidentes, el 10 de octubre de 2024, el foro *a quo* emitió una *Resolución y Orden* en la que ordenó al licenciado Manfredy Sánchez que informara su disponibilidad para ser perito del tribunal.[9]

Del referido pronunciamiento, el 16 de octubre de 2024, el peticionario acudió ante esta Curia mediante recurso de *certiorari*, bajo el alfanumérico KLCE202401118. No obstante, el 4 y 7 de noviembre de 2024, emitimos y notificamos, respectivamente, una *Resolución* mediante la cual denegamos expedir el auto de *certiorari* solicitado.[10] Una vez más, colegimos que la determinación recurrida estaba alineada al ejercicio discrecional que los foros de instancia disponen para manejar los casos ante su consideración.

Siendo así, el 27 de diciembre de 2024, el foro primario emitió una *Resolución y Orden*, notificada el 2 de enero de 2025, en la que designó al licenciado Manfredy Sánchez como perito del tribunal.[11]

---

[8] SUMAC TA, Entrada Núm. 1, Apéndice 22, págs. 67-69. Destacamos que en la referida *Minuta* se hace referencia a la vista celebrada el 24 de junio de 2025; no obstante, no contamos con el beneficio de que obre ante nos toda vez que no fue incluida en el apéndice del recurso.

[9] SUMAC TA, Entrada Núm. 1, Apéndice 24, pág. 75.

[10] SUMAC TA, Entrada 1, Apéndice 28, págs. 96-102; véase, además, *De Jesús Colón v. Cruz Rosa*, KLCE202401118 (4 de noviembre de 2024).

[11] *Íd.*, Apéndice 29, págs. 103-104. Notificada el 2 de enero de 2025. Cabe destacar que, el 31 de octubre de 2024, el licenciado Manfredy Sánchez notificó su disponibilidad para ser perito del tribunal mediante una *Moci[ó]n Informativa y Aceptando [el] Cargo de Perito del Tribunal*. Véase, SUMAC TA, Entrada Núm. 1, Apéndice 26, pág. 78.

En lo que nos concierne, el 13 de agosto de 2025, el señor Cruz Rosa presentó una *Moción Suministrando Información Necesaria para la Vista sobre el Estado de los Procedimientos Señalada para el 18 de agosto de 2025.*[12] En esencia, solicitó la descalificación del licenciado Manfredy Sánchez como perito del tribunal toda vez que adujo que, tanto el peticionario como la recurrida, tenían una causa de acción en daños y perjuicios en su contra, por un alegado incumplimiento de contrato.

Lo anterior, por cuanto, según indicó, el licenciado Manfredy Sánchez, conocía, siendo administrador judicial, que Gravero Las 14, Inc. (Gravero Las 14), una corporación perteneciente a las partes tenía cuentas por cobrar a Bellagio Corp. (Bellagio), y nunca hizo las gestiones de cobro. Asimismo, expuso que, el 12 de agosto de 2019, Gravero Las 14 interpuso una acción en cobro de dinero en contra de Bellagio, en el caso civil número SJ2019CV08072 (903).[13] No obstante, indicó que, el 4 de marzo de 2025, la referida demanda fue desestimada por haber prescrito.[14]

En respuesta, el 2 de septiembre de 2025, la recurrida presentó una *Moci[ó]n en Cumplimiento de Orden.*[15] En particular, esgrimió que de la sentencia a la cual hizo referencia el peticionario, surgía que el fundamento por el cual el TPI desestimó aquella acción, descansó en que la cuenta por cobrar a Bellagio advino exigible el 23 de diciembre de 2015, fecha a partir de la cual comenzó a transcurrir el plazo prescriptivo establecido en los Artículos 947 y 948 (2) del Código de Comercio, 10 LPRA secs. 1909 y 1910.

Así pues, resaltó que el licenciado Manfredy Sánchez advino en el puesto de administrador judicial el 17 de marzo de 2017, de

---

[12] SUMAC TA, Entrada 1, Apéndice 34, págs. 12-137.
[13] Véase, *Gravero Las 14, Inc. v. Bellagio Corp.*, Civil Núm. SJ2019CV08072 (903) (TPI, San Juan, 23 abril de 2025).
[14] SUMAC TA, Entrada Núm. 1, Apéndice 34, Anejo 1, págs. 114-137; véase, además, *Gravero Las 14, Inc. v. Bellagio Corp.*, Civil Núm. SJ2019CV08072 (903) (Entrada Núm. 188).
[15] SUMAC TA, Entrada Núm. 1, Apéndice 35, págs. 138-140.

modo que la responsabilidad por la pérdida del derecho aducido no recaía sobre su persona, sino a la inacción de las propias partes. Consecuentemente, solicitó al TPI que denegara la solicitud de descalificación instada por el peticionario.

El 22 de septiembre de 2025, el TPI celebró una vista argumentativa, cuya *Minuta Resolución*, debidamente firmada y notificada el 27 de noviembre de 2025, obra ante nos y de la cual se desprende la determinación recurrida.[16] Durante la vista, las partes argumentaron sobre la procedencia de la solicitud de descalificación y, tras justipreciar el asunto, el foro *a quo* la declaró *no ha lugar*.

Inconforme, el señor Cruz Rosa acude ante nos y señala al foro primario por la comisión del siguiente error:

> Incurrió en error el TPI al nombrar como Perito del Tribunal al Lcdo. Manfredy Sánchez para que prepara[ra] un Informe de Reconciliación de Deudas, adjudicando los débitos y créditos entre las corporaciones y las corporaciones y cada una de las partes, habiendo sido éste Administrador Judicial de los bienes gananciales de las partes desde el 17 de marzo de 2017 hasta el 29 de enero de 2018, habiendo éste Honorable Tribunal de Apelaciones emitido Resolución disponiendo que el perito de la parte recurrida rindiera su Informe Pericial con la información y documentos que tenía en su poder y habiendo recibido el TPI en dos días de vistas la prueba de la parte recurrida con relación a que el TPI nombre un Perito del Tribunal, sin darle debido proceso de ley a la parte recurrente para establecer que el TPI nombre un Perito del Tribunal.

Por su parte, el 14 de diciembre de 2025, la recurrida comparece mediante un *Alegato Solicitando la Desestimaci[ó]n del Recurso de Certiorari.*[17] Conviene señalar que, en adición a precisar los fundamentos por los cuales nos exhorta que no expidamos el auto de *certiorari* solicitado, la señora de Jesús Colón solicita que ordenemos que el señor Cruz Rosa pague la totalidad de los gastos relacionados a la gestión del perito del tribunal y honorarios de abogado relacionados con el presente recurso. Asimismo, que impongamos sanciones económicas al peticionario como disuasivo de futuras acciones judiciales injustificadas.

---

[16] SUMAC TA, Entrada Núm. 1, Apéndices 36 y 40, págs. 141-148 y 160-166.
[17] *Íd.*, Entrada Núm. 3.

Con el beneficio de la comparecencia de ambas partes y el expediente que obra ante nos, procedemos a disponer del presente recurso, no sin antes exponer el marco jurídico aplicable.

**II.**

**A. Expedición del recurso de *certiorari* post sentencia**

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez, supra*.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari*, cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez, supra*. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478 (2019). A tenor de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, cuando la

citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra,* establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG, supra.*

Como puede observarse, la Regla citada no contempla los **dictámenes posteriores a la sentencia**, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*; *Banco Popular de Puerto Rico v. Gómez Alayón,* 213 DPR 314 (2023).

De imponerse las limitaciones de la Regla 52.1, *supra,* a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón, supra.* En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha prerrogativa del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction, supra.*

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un auto de *certiorari,* no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction, supra.* A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra,* establece los criterios que deberán ser considerados, al determinar si procede o

no expedir un auto de *certiorari*. Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los principios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón, supra.*

Expuesta la normativa jurídica, procedemos a disponer del presente asunto.

## III.

En el presente caso, el peticionario, esencialmente, cuestiona que el foro *a quo* no haya descalificado al licenciado Manfredy Sánchez, como perito del tribunal. En primer lugar, sostiene que el nombramiento de un perito del tribunal es innecesario y resalta que el licenciado Manfredy Sánchez fue administrador judicial de los bienes comunes post gananciales. Asimismo, destaca que es

necesario utilizar al licenciado Manfredy Sánchez como testigo, pues este tuvo bajo su custodia lo relativo a los bienes post gananciales.

De entrada, la cuestión de si es necesario o no nombrar un perito del tribunal para el presente caso, ya estuvo ante nuestra consideración y, en aquella ocasión, denegamos intervenir. Específicamente, en el recurso número KLCE202401118, el señor Cruz Rosa cuestionó que el TPI considerara nombrar un perito del tribunal y, mediante *Resolución*, de 4 de noviembre de 2024, declinamos intervenir con la actuación del foro primario por entender que se trataba de un ejercicio de sana discreción en el manejo del caso.

De un examen sosegado del dictamen recurrido, surge que el TPI sopesó tanto, el argumento del señor Cruz Rosa sobre la inhabilidad del licenciado Manfredy Sánchez para fungir como perito porque su presunta inacción ocasionó la pérdida del derecho de una corporación de la comunidad de bienes a exigir una acreencia, así como, el planteamiento de la recurrida en cuanto a que, para la fecha en que el licenciado Manfredy Sánchez advino como administrador judicial, el derecho de cobro ya había prescrito.

Tras una evaluación detenida del expediente ante nos, colegimos que, el asunto traído a nuestra consideración en el presente recurso invita a esta Curia a intervenir en el ejercicio discrecional del foro primario. Conforme las normativas antes expuestas, nuestra función se circunscribe a revisar determinaciones discrecionales de los foros de instancia bajo el estándar de revisión de abuso de discreción. A esos efectos, presupone que el foro haya identificado adecuadamente la controversia, haya ejercido su facultad discrecional dentro de un debido proceso de ley y que haya adjudicado dentro de los parámetros legales establecidos por nuestro ordenamiento jurídico. En cumplimiento a lo anterior y como resultado de nuestra

evaluación, conforme nos autoriza la Regla 40 de nuestro Reglamento, *supra,* no identificamos error manifiesto, arbitrariedad o abuso de discreción por parte del foro primario que amerite nuestra intervención con el dictamen recurrido, por lo que declinamos expedir el auto discrecional de *certiorari* solicitado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones